**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINA FALCON FLYING LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DASSAULT FALCON JET CORP.,<br><br>Defendant. | Civ. No. 15-6210 (KM)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

The defendant, Dassault Falcon Jet Corp., markets and sells Falcon jet airplanes. The plaintiff, China Falcon Flying Limited, brokers airplane sales in China. The two had a series of agreements whereby China Falcon, if it facilitated a sale, would receive a commission or finder's fee calculated as a percentage of the sale price. China Falcon has filed a complaint claiming that Dassault did not pay, or underpaid, commissions. The Complaint (ECF no. 1) pleads causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, and unjust enrichment.

Now before the court is Dassault's motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a

1

plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Under New Jersey law,[1] the elements of a breach of contract are that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's,* 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan*, 565 F. App'x 66, 69–70 (3d Cir. 2012) (citing *Murphy v. Implicito,* 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)). The complaint obviously states a claim for breach of contract. It alleges that valid contracts existed; that defendant was required to pay certain amount, but did not do so; and that plaintiff therefore was damaged in that it did not receive all the money to which it was entitled.

Plaintiff also emphasizes that the interpretation of the contracts requires a factual context, and I agree. The case involves a master finder's fee agreement, as well as subordinate agreements with respect to particular transactions. Certain sales were not consummated; plaintiff's entitlement, or not, to a finder's fee in such cases is a fact-bound inquiry. Plaintiff also argues that the circumstances surrounding certain of the contracts must be explored factually, particularly as to the claim of breach of the implied covenant of good faith and fair dealing. To be sure, the plaintiff amplifies its factual claims in its brief, but remains within the scope of the Complaint, which furnishes a sufficient basis to go forward. The contracts underlying the claims, which are

---

[1] Jurisdiction is premised on diversity, *see* 28 U.S.C. § 1332(a). The parties cite New Jersey law.

attached to the defendant's papers, are properly considered, but the proofs of payment surpass what I, in my discretion, am willing to consider on a motion to dismiss. *See generally Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (a "document integral to or explicitly relied upon in the complaint" may be considered on a motion to dismiss).

Finally, defendant argues that the claims of quantum meruit and unjust enrichment cannot go forward, because they are incompatible with a claim of breach of contract. I will permit the pleading of alternative theories at this early stage. *See* Fed. R. Civ. P. 8(e)(2). They are simply different lenses through which to view the same set of facts, and dismissing them now would not appreciably alter the scope of discovery.

## ORDER

The defendant, Dassault Falcon Jet Corp., having filed a motion (ECF no. 11) to dismiss the Complaint; and the plaintiff, China Falcon Flying Limited, having filed a response (ECF no. 21); and the defendant having filed a reply (ECF no. 23); and the Court having considered the matter without oral argument, pursuant to Fed. R. Civ. P. 78; for the reasons stated in the foregoing opinion, and good cause appearing therefor;

IT IS this 8th day of April, 2016

ORDERED that the motion to dismiss (ECF no. 11) is DENIED.

Dated: April 8, 2016
Newark, New Jersey

**HON. KEVIN MCNULTY**
**United States District Judge**