UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**CHINA FALCON FLYING LIMITED,**    :
                                    :
    **Plaintiff,**    :
                                    :        Civil Action No. 15-6210 (KM)
    v.              :
                                    :
**DASSAULT FALCON JET CORP.,**      :        **OPINION**
                                    :
    **Defendant.**    :
_____:

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on Defendant Dassault Falcon Jet Corporation's motion to seal six documents in full and portions of thirty-three other documents pursuant to L. Civ. R. 5.3(c).[1] See Mot. to Seal, D.E. 67. All of the documents Defendant seeks to seal or redact were submitted by the parties in connection with Plaintiff China Falcon Flying Limited's motion for leave to file an amended complaint. Id. Plaintiff opposes the motion. The Court has considered the submissions in support of, and in opposition to, the motion. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Court will grant Defendant's motion.

---

[1] The documents Defendant seeks to redact or seal in their entirety are: (1) Plaintiff's brief in support of its motion for leave to amend, D.E. 57; (2) Declaration of Andrea Titone in support of Plaintiff's motion for leave to amend and Exhibits A, D, F-L and Q thereto, D.E. 57; (3) Defendant's opposition brief, D.E. 59; (4) Exhibits 1, 3-4, 6, 8-14, and 18 to the Declaration of Benjamin R. Wilson in opposition to Plaintiff's motion for leave to amend, D.E. 58; (5) Plaintiff's reply brief, D.E. 60; (6) Declaration of Andrea Titone in support of Plaintiff's reply and Exhibits A, I-M, Q, and S-U thereto, D.E. 60; (7) Defendant's sur-reply brief, D.E. 65; and (8) Exhibit 1 to Declaration of Benjamin R. Wilson in support of Defendant's sur-reply, D.E. 64.

1

**I.   BACKGROUND**

In or around 2009, Defendant retained Plaintiff for the purpose of facilitating and brokering sales of Defendant's Falcon Jets to buyers in China.  Am. Compl. ¶¶6-8, D.E. 78.  At that time, the parties entered into a Finder's Fee Agreement which provided that Plaintiff would be owed certain commissions based on the successful consummation of Falcon Jet sales brokered by Plaintiff.  Id. ¶¶9-30.  Plaintiff alleges that Defendant breached the contract by refusing to pay the proper commission on six separate sales of Falcon Jets.  Id. ¶¶31-61.  Plaintiff initiated this action on August 14, 2015 in a four count Complaint alleging: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Quantum Meruit; and (4) Unjust Enrichment.  Compl. ¶22-39, D.E. 1.

On January 27, 2017, Plaintiff filed a motion for leave to amend the Complaint.[2]  See Mot. to Amend, D.E. 56.  Defendant opposed the motion.  The parties submitted voluminous materials in support of, and in opposition to, the motion to amend.  On March 27, 2017, Defendant filed the present motion to seal the entirety of certain documents and portions of other documents submitted by the parties in relation to Plaintiff's motion to amend.  D.E. 67.

Defendant seeks to seal five categories of information:  (1)  detailed pricing information on relevant Falcon Jet aircrafts, (2) contracts between Defendant and third parties which contain confidentiality provisions, (3) finder's fee agreements between Defendant and Plaintiff and the amounts paid to Plaintiff pursuant to these agreements, (4) Defendant's net income statement for aircraft that are subject to the Amended Complaint, and (5) transactional information between Defendant and a third party, Minsheng Financial Leasing Co, Ltd ("Minsheng").  See Br. in Supp.

---

[2] In an Order dated June 2, 2017, the Court granted Plaintiff's motion for leave to file an amended complaint.  D.E. 77.

of Mot. to Seal at 1-2, D.E. 68; see also Index in Supp. of Mot. to Seal, D.E. 67-4. Defendant claims that disclosure of this information, which has never been previously available to the public, "could seriously impair and injure DFJ's competitive position in the marketplace." Br. in Supp. of Mot. to Seal at 2, D.E. 68.

Plaintiff has opposed this motion, arguing that the Defendant's conclusory statements made in support of its motion to seal are insufficient to meet the particularity requirement of L. Civ. R. 5.3(c). Pl.'s Br. in Opp. to Mot. to Seal at 1, D.E. 70. Furthermore, Plaintiff argues that Defendant has failed to illustrate a sufficient harm that would result if the documents were not sealed, and that Defendant's proposal to completely seal six documents is not the least restrictive method available. Id. at 6.

## II. DISCUSSION

It is well settled that there is a "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). Therefore, when a moving party seeks an order sealing court records, it must demonstrate that "good cause" exists to overcome the presumption in favor of public access. Securimetrics, Inc. v. Iridian Techs., Inc., Civ. No. 03-4394, 2006 WL 827889 (D.N.J. Mar. 30, 2006). Typically, a motion to seal is granted when the moving party's private interest to seal documents outweighs the public's interest in disclosing the information. See CDK Global LLC v. Tulley Auto Grp., Inc., Civ. No. 15-3103, 2017 WL 870400, *4 (D.N.J. Mar. 3, 2017). In this District, the Court looks to L. Civ. R. 5.3 to determine whether a movant has demonstrated "good cause." L. Civ. R. 5.3(c) directs that a Court must consider the following four factors:

(a) the nature of the materials or proceedings at issue;

(b) the legitimate private or public interest which warrant the relief sought;

(c) the clearly defined and serious injury that would result if the relief sought is not granted; [and]

(d) why a less restrictive alternative to the relief sought is not available;

In the present motion to seal, Defendant has satisfied all four factors, each of which will be discussed in turn below. As such, the Court will grant Defendant's motion to seal.

### A. The Nature of the Materials or Proceedings at Issue

To demonstrate the first factor, Defendant is required to provide a detailed description of the documents it wishes to seal. See Horizon Pharma AG v. Watson Laboratories Inc., Civ. No. 13-5124, 2015 WL 12859244, *1 (D.N.J Sept. 14, 2015).

In this case, Defendant has provided a sufficient and detailed description of the nature of the documents it wishes to seal. As noted above, Defendant wishes to seal five specific categories of documents: (1) detailed pricing information on relevant Falcon Jet aircraft, (2) contracts between Defendant and third parties which contain confidentiality provisions, (3) finder's fee agreements between Defendant and Plaintiff and the amounts paid to Plaintiff pursuant to these agreements, (4) DFJ's net income statement for aircrafts that are subject to the Amended Complaint, and (5) transactional information between Defendant and Minsheng. See Br. in Supp. of Mot. to Seal at 1-2, D.E. 68; see also Index in Supp. of Mot. to Seal, D.E. 67-4.

Defendant describes this information as "non-public business and financial information" and highly confidential materials that are unique to Defendant's business practices. Declaration of Robert H. Gogerty in Supp. of Mot. to Seal ¶4-5 ("Gogerty Decl."), D.E. 67-1. In support of

its motion, Defendant included a detailed thirty-one-page index which clearly identifies each piece of information that Defendant wishes to seal. See Index in Supp. of Mot. to Seal, D.E. 67-4.

### A. The Legitimate Private or Public Interest Which Warrant the Relief Sought and the Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted

Courts in this District have consistently determined that "the confidentiality of business agreements, trade secrets or commercial information [is] a legitimate private interest and the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace." Goldenberg v. Indel, Inc., Civ. No. 09-5202, 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012); see also Bracco Diagnostics, Inc. v. Amersham Health, Inc., Civ. No. 03-6025, 2007 WL 2085350, *5 (D.N.J. July 18, 2007) (finding that [m]aintaining competitiveness is a legitimate private interest which warrants sealing); see also Mars, Inc. v. JCM Am. Corp. Civ. No. 05-3165, 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007) (finding a legitimate privacy interest in sealing a "confidential business agreement not otherwise available to the public" when public disclosure of the information could have negatively affected the moving party's "negotiating position in its business"). This Court agrees that there is a legitimate private interest in keeping confidential business agreements and sensitive pricing information confidential. Public disclosure of such materials could, in theory, damage the disclosing party's competitive standing in the marketplace.

The Defendant, as the movant, must establish that absent sealing the materials, it will suffer a clearly defined and serious injury. Defendant relies chiefly on the declaration of Robert Gogerty, Defendant's former treasurer for the relevant time period. Mr. Gogerty provides multiple examples of the injuries that would result if the Court were to deny the present motion. See

Gogerty Decl., D.E. 67-1. First, according to Mr. Gogerty, disclosure of Defendant's Falcon Jet sale prices would allow prospective customers to use those prices to leverage a lower sale price for a similar Falcon Jet. Id. ¶7. Second, Mr. Gogerty observes that the disclosure of the finder's fees agreements and payments involving Plaintiff's services could result in other finders demanding more favorable finder's fee rates and terms and conditions from Defendant. Id. ¶¶11-13. Third, the disclosure of purchase agreements with third parties and the net income statement for aircraft sales would enable Defendant's competitors to use that pricing information to gain a competitive edge over Defendant in the marketplace by offering Defendant's customers more favorable sale prices and terms and conditions for similar aircrafts. Id. ¶¶8-9. Finally, Mr. Gogerty represents that disclosure of specific transactional information between Defendant and Minsheng, one of Defendant's "main aircraft purchasers in China," would allow competitors to learn how Defendant structures its commercial transactions with third parties. Id. ¶10.

All of these examples constitute clearly defined and serious injuries which would result if the Court were to deny Defendant's sealing motion. This Court has recognized that a moving party's loss of competitive standing in the current market is the type of serious injury that calls for the protection of confidential material. See Goldenberg, 2012 WL 15909 at *4 (finding that a competitor's ability to review financial information pertaining to one's business would give those competitors an unfair advantage in the marketplace). Therefore, the Court finds that this factor also weighs in favor of granting Defendant's motion.

### B. Why A Less Restrictive Alternative to the Relief Sought Is Not Available

Lastly, a less restrictive alternative to the relief sought by Defendant is not available. Of the thirty-nine documents that contain confidential information submitted by the parties in relation to Plaintiff's motion to amend, Defendant seeks to fully seal six documents. Of the other thirty-

three other documents containing confidential information, Defendant proposes minimal and tailored redactions.  The Court has reviewed Defendant's proposed redactions and has considered each of the six documents Defendants wishes to fully restrict from public access, and concludes that the items to be sealed are limited to those containing sensitive and confidential business information.  Although Plaintiff argues that completely sealing six documents is overly restrictive, this Court finds such protection to be necessary.  See Pl.'s Br. in Opp'n to Mot. at 8, D.E. 70.  The six documents which Defendant seeks to seal in their entirety include confidential agreements between Defendant and its third party clients, confidential finder's fees and sales representation agreements between the parties, and Defendant's net income statements.  See Exhs. D, F to Titone Decl, D.E. 57-5, 57-7; Exhs. 1, 3 to Wilson Decl., D.E. 58-1, 58-3; Exhs. T, U to Titone Reply Decl., D.E. 60-21, 60-22.  Those six documents as a whole contain sensitive and confidential information, and therefore, "redaction is not a viable alternative to sealing" the documents in full. See CDK Global LLC, 2017 WL 870400 at *4.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to seal.  D.E. 67.

*s/Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE

Dated: August 29, 2017